UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD GARLAND, ) ) Plaintiff, ) vs. ) ) LAS VEGAS METROPOLITAN POLICE ) DEPARTMENT; a political subdivision of the ) State of Nevada; POLICE OFFICER J. LAROSA, ) individually, and in his official capacity as a police) officer employed by the LVMPD; POLICE ) OFFICER CROSBY, individually, and in his ) official capacity as a police officer employed by ) the LVMPD; POLICE OFFICER PATES, ) individually, and in his official capacity as a police) officer employed by the LVMPD, ) ) Defendants. ) ) | Case No.: 2:12-cv-00147-GMN-VCF **ORDER** |

Pending before the Court is the Motion for Partial Judgment on the Pleadings (ECF No. 17) filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Police Officers J. Larosa, Crosby, and Pates (collectively, "Defendants"). Plaintiff Richard Garland ("Plaintiff") filed a Response (ECF No. 22) and Defendants filed a Reply (ECF No. 23).

**I.     BACKGROUND**

This case arises from an incident during which Plaintiff pulled his car over after Defendant Larosa "turned on his patrol lights and signaled for Plaintiff to pull his car over and stop." (Compl. ¶¶ 14-15, ECF No. 1.) Plaintiff alleges in his Complaint that Defendant Larosa approached Plaintiff's vehicle and informed Plaintiff that he was pulled over because Defendant Larosa witnessed Plaintiff's car "drifting back and forth between lanes." (*Id.* at ¶ 15.) Defendant Larosa subsequently asked Plaintiff "if he was under the influence of alcohol, to

1  which Plaintiff responded, "no." (*Id.*)  In response, Defendant Larosa asked Plaintiff to step out
2  of his vehicle. (*Id.*)  Thereafter, "Plaintiff advised Defendant Larosa that he was going to record
3  the stop with his cell phone, as Defendant Larosa's hostile attitude made Plaintiff
4  uncomfortable." (*Id.*)  Plaintiff further alleges that after Plaintiff informed Defendant that he was
5  going to record the traffic stop with his cell phone, "Defendant Larosa . . . then told Plaintiff he
6  could not record the stop and advised Plaintiff that, based on what he just stated, he was now
7  under arrest for obstructing justice." (*Id.* at ¶ 17.)  Eventually, Defendant Larosa began
8  handcuffing Plaintiff allegedly "us[ing] extreme force to do so, which caused Plaintiff terrible
9  pain and anguish." (*Id.*)  During this time, two additional patrol cars, driven by Defendants
10 Crosby and Pates,[1] arrived at the traffic stop. (*Id.*)  After being handcuffed, Plaintiff alleges that
11 he was "kept in handcuffs by Defendants for over 30 minutes." (*Id.* at ¶ 18.)  Ultimately,
12 Plaintiff was cited for "Driving in a Careless Manner" and "Obstructing a Police Officer," and
13 subsequently released. (*Id.* at 19.)

14       Plaintiff alleges that this interaction resulted in Defendants violating his rights.  In
15 addition, Plaintiff alleges that "[a]s a result of the physical abuse Plaintiff suffered from
16 Defendants, he had to undergo surgery on his shoulder, [because an] existing injury was
17 severely exacerbated by the excessive force displayed by Defendants." (*Id.* at 21.)  Accordingly,
18 on January 27, 2012, Plaintiff filed a complaint against the Las Vegas Metropolitan Police
19 Department, the City of Las Vegas,[2] and the three Police Officers that were present on the scene
20 (collectively, "Defendants"). (*See generally* Compl.)  In his Complaint, Plaintiff alleges five
21 causes of action: (1) Violation of Plaintiff's Civil Rights; (2) Intentional and/or Negligent
22 Infliction of Emotional Distress; (3) Negligent Hiring, Training and Supervision; (4) Battery;

---

[1] For the sake of convenience, the Court will use "Officer Defendants" to collectively refer to Defendants J. Larosa, Crosby and Pates.

[2] Defendant the City of Las Vegas was dismissed from this case on March 20, 2012, after Plaintiff filed its Non-Opposition to the City's Motion to Dismiss. (ECF No. 14.)

and (5) Negligence and Negligence Per Se. (*See generally* Compl. ¶¶ 22-41.)  Subsequently, on May 3, 2012, Defendant LVMPD and Officers J. Larosa, Crosby and Pates (collectively, "LVMPD Defendants") filed this motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion filed pursuant to Rule 12(c) is "functionally identical" to a motion filed pursuant to Rule 12(b)(6) for failure to state a claim. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing").

### A.     Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

     A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, the Supreme Court has already rejected any sort of "heightened" pleading requirement for § 1983 claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice leading' set up by the Federal Rules." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

     If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  DISCUSSION

####       A.  Eighth Amendment

"Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (citations omitted). Accordingly, in their

motion, the LVMPD Defendants correctly assert that, as a matter of law, Plaintiff cannot assert a violation of his rights secured by the Eighth Amendment because he was not serving a sentence after a formal adjudication of guilt at the time of the incident. (Mot. for J. on the Pleadings 7:18-25, ECF No. 17.)  Additionally, Plaintiff's Opposition to the LVMPD Defendants' Motion expressly acknowledges that "the Eighth Amendment would not be applicable to the facts of this case and hereby withdraw[s] any claims arising under the Eighth Amendment." (Pl.'s Resp. 7:12-15, ECF No. 22.)  Thus, based on the Supreme Court's holding that Eighth Amendment scrutiny is improper for acts that occur before a formal adjudication of guilt and based on Plaintiff's non-opposition, the Court grants the LVMPD Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's cause of action for violation of his rights secured by the Eighth Amendment.

      **B.**    **Fifth Amendment**

Defendant argues that Plaintiff's attempt to assert a standalone claim for violations of Plaintiff's rights secured by the Fifth Amendment fails because the Fifth Amendment's Due Process Clause applies only to actions of the federal government.  Defendant's argument is correct. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process of the Fifth Amendment prohibits the United States . . . from depriving any person of property without 'due process of law.'"); *Lee v. City of LA*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments").  In this case, Plaintiff has failed to allege that any of the defendants are federal actors.  Furthermore, Plaintiff acknowledges in his Response Brief that such a Fifth Amendment claim would be inapplicable to the facts of this case. (Resp. Br. 7:6-11, ECF No. 22.)  In fact, Plaintiff represents that he only referenced the Fifth Amendment in his First Cause of Action because he is "asserting his Fifth Amendment claim by and through the Fourteenth Amendment since it is only through the

Fourteenth Amendment that the Fifth Amendment is made applicable to the states." (*Id.* at 7:3-6.)  However, the Due Process Clause of the Fifth Amendment is not applicable to State action because the Fourteenth Amendment itself contains a Due Process Clause that is specifically applicable to the States. U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, *without due process of law . . .*").  For these reasons, the Court finds that Plaintiff's claim for violation of his rights secured by the Fifth Amendment fails as a matter of law.

### C.  Fourteenth Amendment Due Process Claim

Plaintiff also alleges that the LVMPD Defendants violated his Fourteenth Amendment rights. (Compl. ¶ 23, ECF No. 1.)  Plaintiff appears to be asserting only his Fourteenth Amendment right to procedural due process.[3] (Pl.'s Resp. Br. 7:2-11, 7:17-22, ECF No. 22.)  In order to state a cause of action for deprivation of procedural due process, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See Ky. Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  In addition, Plaintiff must plead that the processes in place are inadequate. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

In this case, Plaintiff merely pleads that the LVMPD Defendants' actions deprived Plaintiff of his right to "[f]reedom from punishment without due process." (Compl. ¶ 26, ECF No. 1.)  This allegation fails to provide a sufficient basis from which the Court can determine that a violation of Plaintiff's Fourteenth Amendment right to due process is plausible.  Accordingly, the Court grants the LVMPD Defendants' motion with respect to Plaintiff's Fourteenth Amendment claim.  However, the Court finds that Plaintiff could plead additional

---

[3] It does not appear that Plaintiff is asserting a violation of substantive due process under the Fourteenth Amendment.  Even if Plaintiff had alleged a violation of substantive due process, such a claim would fail as a matter of law.  The Supreme Court has already rejected the use of a substantive due process analysis for excessive force claims. *Graham v. Connor*, 490 U.S. 386, 395 (1989).  Specifically, the Supreme Court held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* (emphasis in original).

facts, thereby showing that a violation was plausible, rather than merely possible. For this reason, the Court grants Plaintiff leave to amend as to his Fourteenth Amendment Procedural Due Process Claim. Plaintiff shall file his amended complaint **by Friday, April 5, 2013**. Failure to file an amended complaint will result in the Court dismissing this claim with prejudice.

### D. Plaintiff's *Monell* Claim for Municipal Liability

Because Plaintiff is seeking to establish that a municipal entity, the LVMPD, is liable for the alleged violation, Plaintiff must also establish that the alleged violation was attributable to the enforcement of a municipal custom or policy. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"). Thus, to survive a motion to dismiss, Plaintiff must have asserted facts making each of the following elements plausible: (1) a violation of the Constitution or federal law occurred; (2) that the LVMPD Defendants acted under the color of law; (3) the action that constituted the violation was taken pursuant to an official "policy statement, ordinance, regulation, or decision."

For the purposes of the instant motion, Defendants argue only that Plaintiff's *Monell* claim fails because he has failed to allege "fact[s] suggesting LVMPD promulgated a policy or custom causing the named officers to violate Plaintiff's rights." (Defs.' Mot. for J. on the Pleadings 8:24-27, ECF No. 17.) In the Ninth Circuit, "a claim of municipal liability under [section] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted). Plaintiff's Complaint alleges that the LVMPD Defendants'

actions were committed "pursuant to the polices, customs, practices, rules, regulations, [and] ordinances . . .." (Compl. ¶ 27, ECF No. 1.)  Accordingly, under controlling Ninth Circuit law, Plaintiff's Complaint sufficiently alleges the requisite official policy.  For these reasons, the LVMPD Defendants' Motion is denied.

### E. Plaintiff's Claims Against the Officer Defendants in their Official Capacities

A suit against an officer in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell*, 436 U.S. at 690, n.55 (1978)).  In this case, Plaintiff asserts his First Cause of Action against both the LVMPD and the Officer Defendants in their official capacities.  These claims are duplicative of one another.  For this reason, the Court grants the LVMPD Defendants' request that the claims against the Officer Defendants in their official capacities be dismissed.  The Court will dismiss Plaintiff's First Cause of Action against the Officer Defendants.

### F. Negligence Per Se

In Plaintiff's Fifth Cause of Action, he seeks damages for "Negligence and Negligence Per Se." (Compl. ¶¶ 11-12.)  In their Motion, the LVMPD Defendants request that the Court dismiss Plaintiff's Fifth Cause of Action to the extent it alleges a separate cause of action for negligence per se. (Mot. for J. on the Pleadings 12:16-21, ECF No. 17.)  The Court agrees.  As recently as 2011, the Nevada Supreme has noted that negligence and negligence per se "are in reality only one cause of action . . .. Negligence per se is only a method of establishing the duty and breach elements of a negligence claim." *Cervantes v. Health Plan of Nev., Inc.*, 263 P.3d 261, 264 n.4 (Nev. 2011), *reh'g denied*, Jan. 23, 2012.  Accordingly, to the extent Plaintiff's Complaint pleads a cause of action based on negligence per se separate from his cause of action based on negligence, such a cause of action based solely on negligence per se fails as a matter of

/ / /

law and is, thus, dismissed with prejudice.[4]

### G. Punitive Damages

The Supreme Court has already explicitly held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (finding that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials"). Therefore, as both parties recognize, "Plaintiff cannot recover punitive damages against LVMPD under 42 U.S.C. § 1983." (Pl.'s Resp. 8:24-26, ECF No. 22; *see also* Mot. for Part. J. on the Pleadings 12:24-13:3, ECF No. 17.) For this reason, the Court grants the LVMPD Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's request for punitive damages.

## IV. PLAINTIFF'S REQUEST FOR LEAVE TO ADD FIRST AMENDMENT CLAIM

In Plaintiff's Response to the LVMPD Defendants' Motion, Plaintiff contends that "due to a typographical error," Plaintiff neglected to include a reference to the First Amendment in his first cause of action, which alleges violations of his civil rights. (Pl.'s Resp. 5:8-15, ECF No. 22.) For this reason, Plaintiff now requests leave to amend his complaint to include this basis for his first cause of action. (*Id.*)

Local Rule 15-1 of the Local Rules of Practice for the United States District Court for the District of Nevada governs amended pleadings. Specifically, Rule 15-1(a) requires that "the moving party shall attach the proposed amended pleading to any motion to amend . . .." Accordingly, the Court denies Plaintiff's request to file an amended complaint due to Plaintiff's failure to comply with the requirements of Local Rule 15-1(a). The Court, however, does deny the request without prejudice so Plaintiff may re-file another motion to amend that complies with Local Rule 15-1(a).

---

[4] This does not, however, preclude Plaintiff from attempting to rely on negligence per se as a method of establishing the duty and breach elements of his negligence cause of action.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Judgment on the Pleadings (ECF No. 17) filed by the Las Vegas Metropolitan Police Department ("LVMPD") and Officers J. Larosa, Crosby, and Pates (collectively, the LVMPD Defendants) is **GRANTED in part** and **DENIED in part**.

1) Plaintiff's Cause of Action based on alleged violations of his Fifth and Eighth Amendments rights is **DISMISSED with prejudice**.

2) Plaintiff's Cause of Action for violations of Plaintiff's Civil Rights as asserted against Officers J. Larosa, Crosby, and Pates in their official capacities is **DISMISSED with prejudice** as duplicative of the same Cause of Action alleged against the Las Vegas Metropolitan Police Department.

3) To the extent that Plaintiff asserts a separate Cause of Action for Negligence Per Se, that Cause of Action is **DISMISSED with prejudice**.

4) The Court **GRANTS** Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 17) that, as a matter of law, Plaintiff is not entitled to recover punitive damages.

5) Plaintiff's Cause of Action based on alleged violations of his Fourteenth Amendment right to Procedural Due Process is **DISMISSED with leave to amend**. Plaintiff shall file an amended complaint **by Friday, April 5, 2013**. Failure to file an amended complaint **by Friday, April 5, 2013** shall result in **DISMISSAL** of this cause of action **with prejudice**.

6) Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 17) is **DENIED** with respect to Plaintiff's *Monell* claim for municipal liability.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to file an amended complaint additionally alleging a violation of Plaintiff's First Amendment rights is **DENIED**

/ / /

1  **with leave to re-file a motion to amend that complies with Local Rule 15-1(a).**

2  **DATED** this 21st day of March, 2013.

_____
Gloria M. Navarro
United States District Judge