**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RICHARD GARLAND,

           Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

           Defendants.

2:12–cv–0147–GMN–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

    Before the court is Plaintiff Richard Garland's motion to amend (#31[1]). Defendants Las Vegas Metropolitan Police Department, *et al*. filed an opposition (#32). Garland did not reply.

**I. BACKGROUND**

    This matter arises out of the alleged battery of Richard Garland, which occurred during a routine traffic stop on January 24, 2011. (*See* Compl. (#1) at ¶¶ 12, 17). The motion before the court raises the discrete question of whether Garland's motion to amend complies with this court's March 21, 2013 order, which established the requirements governing Garland's proposed amendments. (*See* Order (#30) at 7–11). For purposes of this motion, the relevant facts include (1) Garland's stop and alleged battery and (2) the procedural history pertaining to Garland's motion to amend. Each is discussed below.

**A.**    **Garland's Traffic Stop**

    On January 24, 2011, Garland and his girlfriend were driving home after an evening out. (*Id.* at ¶ 13). Garland alleges that, although he maintained a safe speed and was not serving, Defendant Officer LaRosa stopped Garland to inquire whether Garland was under the influence of drugs or alcohol.

---

[1] Parenthetical citations refer to the court's docket.

1

(*Id*. at ¶ 15). Garland responded that he was not. (*Id*.) Apparently unsatisfied with Garland's response, LaRosa asked Garland to exit the vehicle. (*Id*. at ¶ 16). LaRosa's request made Garland "uncomfortable." (*Id*.) Garland, therefore, advised LaRosa that Garland intended to record LaRosa's actions using Garland's cell phone. (*Id*.)

LaRosa balked. He told Garland that he could not record his actions. (*Id*. at ¶ 17). As back-up arrived (*i.e.*, Defendant–Officers Crosby and Pates), LaRosa allegedly slammed Garland against the hood of his car in an attempt to handcuff him (*Id*.) LaRosa, however, struggled because Garland is rotund and suffers from a pre-existing shoulder injury, which made handcuffing difficult. (*Id*.) The arrest, which allegedly continued despite Garland's "cries" that "he had an injured rotator cuff," caused "terrible pain and anguish." (*Id*.)

After thirty minutes in handcuffs, LaRosa admitted that Garland had not been under the influence. (*Id*.) LaRosa cited Garland for careless driving, obstructing a police officer, and then released him. (*Id*. at ¶¶ 18, 19).

Following Garland's arrest, he filed a complaint with Las Vegas Metropolitan Police Department's Internal Affairs Section. (*Id*. at ¶ 20). Internal Affairs reviewed Garland's complaint and found that "policy violation had indeed occurred." (*Id*.) On or about this time, Garland also alleges that he underwent shoulder surgery to repair his rotator cuff injury, which was exacerbated by the arrest. (*Id*. at ¶ 21).

**B.    Procedural History**

On January 27, 2012, Garland filed his original complaint, and alleged constitutional and state law causes of action. (*Id*. at ¶¶ 22–42). Garland's constitutional claims included four causes of action: violations of Garland's (1) Fourth Amendment, (2) Fifth Amendment, (3) Eight Amendment, (4) and Fourteenth Amendment rights. (*Id*. at ¶ 23). Garland's state law claims include five causes of action:

(1) intentional and/or negligent infliction of emotional distress; (2) negligent hiring, training, and supervising; (3) battery; (4) negligence; and, (5) negligence *per se*. (*Id*. at ¶¶30–42).

On May 3, 2012, Defendants' moved for partial summary judgment. (Def.'s Mot. S.J. #17). On March 21, 2013, the Honorable Gloria M. Navarro, U.S. District Judge, partially granted and partially denied Defendant's motion. (*See* Order (#30) at 10–11). In pertinent part, Judge Navarro dismissed Garland's (1) Fifth and Eighth Amendment claims; (2) negligence *per se* claim; and, (3) claims against Officers LaRosa, Crosby, and Pates in their official capacity. (*Id*. at 10:6–13). Judge Navarro further held that Garland had until April 5, 2013 to amend his complaint and (1) add facts that state a plausible claim under the Fourteenth Amendment and (2) a First Amendment claim. (*Id*. at 7, 9).

On April 5, 2013, Garland filed the instant motion to amend. (Mot. Amend. #31). As discussed in more detail below, Garland's proposed amended complaint does not fully satisfy the requirements of Judge Navarro's March 21, 2013 order. (Order (#30) at 10–11).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R. CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In the Ninth Circuit, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The legal standard governing Rule 15 motions is akin to the legal standard governing motions to dismiss under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003)

(citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Supreme Court has long held that four types of claims warrant dismissal. These are claims that merely allege: (1) an unadorned, the-defendant-unlawfully-harmed-me accusation; (2) labels and conclusions; (3) a formulaic recitation of the elements of a cause of action; and, (4) naked assertions devoid of further factual enhancement. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court's inquiry under Rule 15 is discretionary. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### III. DISCUSSION

Judge Navarro's March 21, 2013 order permitted Garland to amend his complaint and add a First Amendment claim and sufficient factual content to state a plausible claim for relief under the Fourteenth Amendment. (*See* Order (#30) at 6–7, 10–11). Defendants attack Garland's proposed amendments on three grounds. (*See* Def.'s Opp'n (#32) at 5, 7, 11). First, Defendants argue that Garland's First Amendment claim against LaRosa is futile because Garland's speech was not chilled. (*Id*. at 5). Second, Defendants argue that the Fourteenth Amendment's due process protections are inapplicable to the facts of Garland's case. (*Id*. at 7). Third, Defendants argue that Garland's proposed complaint does not contain sufficient factual content to state a plausible First or Fourteenth Amendment claim against Officers Crosby or Pates. (*Id*. at 11). This court addresses each argument below.

### A.     <u>Garland's First Amendment Claim against LaRosa is Plausible</u>

To add a First Amendment retaliation claim, Garland must plausibly allege: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 (9th Cir.2010) (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

Garland's proposed amended complaint satisfies these elements. In pertinent part, the proposed complaint alleges Garland attempted to record Officer LaRosa's conduct with a cellphone. (Proposed Compl. (#32-2) at ¶¶ 12–13). This satisfies the first element. *See Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest.").

Second, Garland alleges that he was arrested and battered by Officer LaRosa. (Proposed Compl. (#32-2) at ¶¶ 14–15). It requires no citation to authority to demonstrate that actual battery, as alleged, would chill a person of ordinary firmness from continuing to engage in the protected activity. *See Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[T]he mere **threat** of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.") (emphasis original).

Third, Garland's proposed complaint alleges that he was arrested and battered "based on" Garland's statement to Officer LaRosa that Garland intended to record LaRosa's conduct. (*See* Proposed Compl. (#32-2) at ¶ 13). This satisfies the third element. *See Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir.2013) (stating that a plaintiff must be able to prove that the officers' desire to chill speech was a but-for cause of their actions).

Defendants attack Garland's addition of a First Amendment claim against Officer LaRosa on one ground: that Garland cannot "create an issue of fact" by an affidavit contradicting his prior testimony." (*See* Def.'s Opp'n (#32) at 5–6) (citation omitted). The essence of Defendants' argument is that Garland's First Amendment claim is futile because it would not survive a motion for summary judgment. (*See id.*)

While it is true that a motion to amend may be denied where the amended complaint would not withstand summary judgment, it is not the case—as Defendants argue—that a motion to amend must withstand a motion for summary judgment to be granted. *See also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (internal citation omitted) ("[C]ourts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.").

At this stage, it is unnecessary for the court to engage in an inquiry under Rule 56. The court, therefore, concludes that Garland has stated a plausible claim for First Amendment retaliation against Officer LaRosa.

**B.    Garland's Fourteenth Amendment Claim is not Plausible**

On March 21, 2013, Judge Navarro granted Garland leave to add a **procedural** due process claim under the Fourteenth Amendment. (*See* Order (#30) at 6:12, 7:2, 10:17). "To establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). In an effort to satisfy these requirements, Garland pled that Defendants' "deprived Plaintiff of his Fourteenth Amendment liberty rights when they placed him under arrest for a lengthy period of time and then injured Plaintiff through not following proper protocol in administering the handcuffs in a reasonable manner." (Proposed Compl. (#31-1) at ¶ 24).

The court construes Garland's allegation as stating either (1) a 14th amendment claim for false arrest or (2) a 14th amendment claim for use of excessive force.[2] Under either case, however, Garland's claim is futile because both false arrest and excessive force claims are substantive due process claims, not procedural due process claims. *See Chavez v. Martinez*, 538 U.S. 760, 773 n.5 (2003) (citing *Graham v. Connor*, 490 U.S. 386 (1989) ("*Graham* foreclosed the use of substantive due process analysis in claims involving the use of excessive force in effecting an arrest and held that such claims are governed solely by the Fourth Amendment's prohibitions against 'unreasonable' seizures, because the Fourth Amendment provided the explicit source of constitutional protection against such conduct"); *see also Kelly v. Las Vegas Metro. Police Dept.*, No. 12–cv–2074, 2013 WL 3353396, at *3–*4 (D. Nev. July 2, 2013) (U.S. District Judge Larry R. Hicks) (stating that a false imprisonment claim brought under section 1983 is a substantive due process claim).

Because Garland pled a substantive, not a procedural, due process claim his motion to amend is denied as futile. (*See* Order (#18) at 6:12,7:2, 10:17) (granting Garland leave to plead a procedural due process claim). Additionally, even if Garland had been granted leave to plead a substantive due process claim, which he was not, Garland's substantive due process claim would also be denied as futile. As stated in *Graham*, when a particular amendment provides an "explicit textual source of constitutional protection," courts use that amendment, rather than the Fourteenth Amendment, as the basis for relief. *Graham*, 490 U.S. at 395. Because the Fourth Amendment explicitly provides for protection against unreasonable searches and seizures, Garland's claim is properly analyzed under the Fourth Amendment only, not the Fourteenth Amendment. *See Kelly*, 2013 WL 3353396, at *4.

---

[2] The court notes for the record that Garland left the court to construe these claims *sua sponte*. Neither Garland's proposed complaint nor his one-page motion state what, exactly, his Fourteenth Amendment claim is. Additionally, Plaintiff neglected to file a reply and, therefore, did not respond to Defendants' arguments that Garland pled a substantive, not a procedural, due process claim.

7

**C.      No Claim against Officers Crosby or Pates is not Plausible**

Finally, Defendants argue that that Garland's proposed complaint does not contain sufficient factual content to state a plausible First or Fourteenth Amendment claim against Officers Crosby or Pates. (Def.'s Opp'n (#32) at 11). In considering Defendants' argument, the court found that neither Garland's operative complaint nor his proposed amended complaint state any plausible claims against Officers Crosby and Pates. The court, therefore, recommends dismissing with prejudice Officers Crosby and Pates.

As discussed above, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is plausible if it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. By contrast, a claim is not plausible if it merely alleges "labels and conclusions" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Garland's merely alleges "labels and conclusions" against Officers Crosby and Pates. With regard to Garland's operative complaint, there are only two references to Officers Crosby and Pates. In full, these references state: (1) "As the traffic stop unfolded, two additional patrol cars, occupied by Defendants Crosby and Pates, arrived on the scene presumably as back up;" and, (2) "That the actions of the said named policed officers, Defendants Larosa [*sic*], Crosby, and Pates as set forth herein were an intentional, non-consensual and otherwise unjustified offensive contact by said Defendants upon the person of Plaintiff and thus constitute a battery." (Compl. (#1) ¶¶ 17, 37). Whereas the first reference is not even an allegation of wrongdoing, the second is a legal conclusion. Nowhere does Garland's operative complaint ever allege that either Crosby or Pates touched Garland.

Garland's proposed amended complaint is equally deficient. The proposed amended complaint only contains one reference to Officers Crosby and Pates. In full, it states: "As the traffic stop unfolded, two additional patrol cars, occupied by Defendants Crosby and Pates, arrived on the scene presumably as back up." (Proposed Compl. (#31-1) at ¶ 13). As stated above, this is not an allegation of wrongdoing. This claim, therefore, is not plausible. *See Iqbal*, 556 U.S. at 678

## IV. CONCLUSION

In sum, the court finds that Garland's proposed amended complaint alleges a viable First Amendment claim against Officer LaRosa. (*See supra* § III.A). Garland's motion to amend, however, is denied because his proposed amended complaint fails to state a plausible Fourteenth Amendment claim, (*see supra* § III.B), or any plausible claims against Officers Crosby and Pates, (*see supra* § III.C), as required by Judge Navarro's March 21, 2013 order.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Richard Garland's motion to amend (#31) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Garland has until **Wednesday December 4, 2013** to file an amended complaint that only includes: (1) claims not previously dismissed and (2) the First Amendment claim discussed in this order. Failure to file an amended complaint by **Wednesday December 4, 2013** will result in Garland's First Amendment claim being DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Garland's motion to amend to add a Fourteenth Amendment Due Process claim be DENIED.

/// /// ///

/// /// ///

/// /// ///

9

IT IS FURTHER RECOMMENDED that Officers Crosby and Pates be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

DATED this 22nd day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE